## Merit Square Building & Loan Assn., Appellant, v. Atkins.

Argued January 14, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Herman D. Levinson,* with him *Henry A. James* and *Barnet Lieberman,* for appellant.—The president of the mortgagee building and loan association had no actual authority to release the mortgagor: Long v. Coal & Nav. Co., 292 Pa. 164; Wohlford v. B. & L. Assn., 140 Ind. 662, 40 N. E. 694; 3 Thompson on Corp., 3d ed., sections 1565, 1591.

Appellee filed no printed brief and was not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 5, 1930:

One Hargest and his wife gave a mortgage, on property owned by them, to the plaintiff building and loan association. The mortgage was accompanied by a collateral bond and warrant of attorney, with defendant, Atkins, as surety, and, after a proper averment of default, judgment by confession was entered against the surety. A rule to open this judgment was made absolute and plaintiff has appealed.

In the petition to open, Atkins averred that Hargest and wife, being unable to pay the interest, etc., on the mortgaged premises, delivered a fee simple deed, "at the special instance and request of plaintiff," conveying the property in question to it; "whereupon plaintiff, by its officers, accepted the same and agreed to release said Thomas H. Hargest from any and all liability on his mortgage," and that "By reason of the conveyance aforesaid......, the said mortgage became merged in the title......and......Hargest was thereupon re-

leased therefrom...... [and,] by reason of the release of ......Hargest,......[Atkins's] liability......, given ......as extra security, thereupon ceased and determined."

The building association, by answer filed, denied that any deed had been made to it, nor had merger taken place, and, further, denied "that any officer or other person had......authority to request such a deed ......, or to accept delivery of the same, or to agree to release......Hargest......from liability."

When the depositions on which the court below acted were taken, a witness for the building association testified that no authority had been given to its officers or any of them to accept deeds for the mortgaged premises or to do aught but take legal proceedings to collect the mortgage debt. This witness denied that the president of the association was vested with authority such as averred by defendant either to make settlement of the mortgage debt here involved or to release the debtors. The conclusion we are about to state is not, however, based on the strength of the testimony produced by plaintiff, but on the weakness of that presented by defendant, who moved to open the judgment. In the first place, defendant showed no deed to the building association. He proved unacknowledged deeds, executed by Hargest and wife to a third party and delivered to plaintiff's president, asserting that the latter had said something to the effect that he would accept these deeds for the building and loan association and that the association would transfer the properties to someone else. Thomas H. Hargest, as a witness for defendant, when asked the question whether the president of the association had said that the mortgagor would "be released from all liability," answered: "He did not say that I would be released, but told me that Wilson B. Atkins [the defendant] would be released." When defendant Atkins himself was on the stand, he did not state that the president of the association at any time said he

would be released, going no further than to say that it was his, the witness's, "intelligent understanding" that the mortgage to which his bond was collateral would be released by the building association taking the property. The vital weakness in all of the testimony relied on to open the judgment is that no witness for defendant stated any facts from which the conclusion could be drawn that the president of the building association was vested with authority, either directly or indirectly, to release the debtors in this case. When the witness Hargest was asked the specific question as to whether the president had said the association "had authorized him to take back the properties," his reply was, "He, being president of the association, that was not necessary, he acted in that capacity himself." When the same question was again put to him, the witness said: "No, he did not say that the building and loan association authorized him to take back the properties." When Mr. Atkins was asked the question whether he had inquired of the president of the association as to his authority in the premises, the witness replied, "No, sir, because I understood he is president of the association and I have confidence in him." Again, when Hargest was asked whether he had ever been notified that the association had accepted the deed, the reply was, "No, sir."

The explanation given by the president of the building association as to the deed executed by Hargest and wife was that he, the witness, being in the real estate business, drew the deed in an endeavor to get a third party to take over the property and step into the place of the debtors to the building association, thus relieving the general situation, but that the third party in question declined to assume the ownership of the property, and the transaction fell through. He said he was in no sense acting for the building association in the matter.

The order opening the judgment is reversed.